UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RICHARD LAZARINI, JR.,

                         Plaintiff,

     - against -

CITY OF NEW YORK, POLICE OFFICER ALI
CHEIKHALI, Shield No. 2851, individually and in his
official capacity, POLICE OFFICER LAURAN WATSON,
Shield No. 17043, individually and in his/her official
capacity, SERGEANT CHRISTOPHER AITOLA, Shield
No.1342, individually and in his/her official capacity, and
POLICE OFFICERS JOHN DOE 1-5, fictitious names used
to identify presently unknown police officers of the 63rd
Precinct, individually and in their official capacities,

                       Defendants.
-------------------------------------------------------------------X

Docket No.

**VERIFIED COMPLAINT**

Jury Trial Demanded

     Plaintiff, RICHARD LAZARINI, JR., by his attorneys, HELD & HINES, LLP,

complaining of the defendants, hereinafter states and alleges as follows upon information and

belief:

**PRELIMINARY STATEMENT**

     1.    Plaintiff commences this action seeking compensatory damages, punitive

damages, and attorney's fees for violations of his civil rights by the defendants, their agents,

servants and/or employees, while acting under color of law, as said rights are secured by the

Constitution of the United States of America, 42 U.S.C. §1983 *et seq.*  Plaintiff also asserts

supplemental state law claims for violations of his rights secured by the Constitution of the State

of New York, as well as Article 15 of the New York State Executive Law ("NYS Human Rights

Law"), Section 40 *et seq.* of the New York State Civil Rights Law (the "NYS Civil Rights

Law"), and Sections 8-107 *et seq.*, 8-502 *et seq.* and 8-603 *et seq.* of the Administrative Code of

the City of New York (the "City Human Rights Law"), as well as common law claims of (a) false arrest, false imprisonment and malicious prosecution and conspiracy to commit same, (b) negligent hiring, training, supervision and retention, (c) neglect and denial of medical care, (d) intentional and negligent infliction of emotional distress, (e) general negligence, and (f) failure to protect.

2.      Plaintiff suffered physical and emotional injuries, pain and suffering, disability from his usual activities, loss of liberty, and pecuniary losses stemming from two bogus arrests by the defendants. On May 20, 2013, Plaintiff was injured during and due to the defendants' abuse of authority, unlawful police chase, apprehension, arrest, detention and prosecution of Plaintiff, as well as other unlawful and/or negligent conduct related thereto, including but not limited to the denial of adequate and timely medical care.

3.      Additionally, Plaintiff was unlawfully re-arrested and maliciously prosecuted on May 22, 2013, causing him to be falsely imprisoned from said date through the November 29, 2013 dismissal of all charges related thereto.

## JURISDICTION AND VENUE

4.      This action is brought pursuant to 42 U.S.C. §§1983, 1985, 1986 and 1988; the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America; the Constitution of the State of New York; the NYS Human Rights Law; the NYS Civil Rights Law; the City Human Rights Law; and the Charter and Administrative Code of the City of New York.

5.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343(a)(3) and (4) and the aforesaid statutory and constitutional provisions.

6.      Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over claims which arise under the relevant provisions of New York state law.

7.      Plaintiff's claim for attorneys' fees and costs is predicated upon 42 U.S.C. §1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. §1983, as well as New York C.P.L.R. Art. 86 and City Human Rights Law §8-502(f) for pendent claims arising under New York state and local law.

8.      Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred within Queens County, New York, which is within this judicial district.

## PARTIES

11.     At all times mentioned herein, Plaintiff was and remains a resident of the City and State of New York, County of Kings.

12.     Upon information and belief, and at all times mentioned herein, the defendant, CITY OF NEW YORK (hereinafter referred to as the "City"), was and still is a body corporate and politic, constituting a municipal corporation, duly organized and existing under and by virtue of the laws of the City and State of New York.

13.     Upon information and belief, and at all times mentioned herein, the City maintains the New York City Police Department (hereinafter referred to as the "NYPD") pursuant to law.

14.     Upon information and belief, and at all times mentioned herein, the individual defendants, POLICE OFFICER ALI CHEIKHALI, POLICE OFFICER LAURAN WATSON, SERGEANT CHRISTOPHER AITOLA, and POLICE OFFICERS JOHN DOE 1-5 (hereinafter referred to as the "defendant police officers"), are residents of the State of New York.

15.     At all times mentioned herein, Defendant POLICE OFFICERS JOHN DOE 1-5 ("PO John Does") were police officers employed by the City.

16.     The identities of the PO John Does are not presently known, but they are believed to be police officers and supervisory personnel endowed and bestowed with various ranks and appointments upon them by the City and/or NYPD, and are sued in their capacities as individuals as well as in their official capacities as police officers acting under the color of law.

17.     The PO John Does were those individuals involved in the abuse of authority, false arrest, false imprisonment, and/or malicious prosecution of Plaintiff; the individuals who were witness or aware of the foregoing abuses and failed to act, intervene or mitigate; the individuals who denied and/or delayed Plaintiff's access to medical care and treatment following the incident; the individuals who failed to report or truthfully report the incidents alleged herein; and the individuals who gave false statements or testimony, falsely reported the incident, and/or were part of a cover-up to prevent the truth from coming to light.

18.     At all times mentioned herein, the defendant police officers were employed by the City and NYPD.  As used herein, the term "police officer" is intended to refer to NYPD officers and supervisory personnel in the general and not to any specific rank, title or position.

19.     Upon information and belief, and at all times mentioned herein, the defendant police officers were assigned to the NYPD's 63rd Precinct.

20.     The City was and remains the public employer of the defendant police officers.

21.     At all times mentioned herein, the defendants were acting under the color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City and State of New York and/or NYPD.

22.     The defendant police officers are sued in their individual and official capacities.

23.     At all times mentioned herein, the City, its departments, agents, servants and/or employees, was charged with hiring, training, retaining, directing, supervising, investigating, disciplining, overseeing, appointing and promoting police officers, supervisors and staff in their employ, including but not limited to the defendant police officers.

24.     That upon information and belief, and at all times mentioned herein, the defendant police officers were acting under the direction, supervision, authority and/or control of the City.

25.     The City, through the NYPD's senior officials at the central office and in each of its precincts, promulgates and implements policies, including those with respect to police chases, stop and frisk, reporting and investigation of abuses of authority by uniformed staff and supervisors, and provision and access to medical and other program services mandated by local law and court orders.  In addition, senior officials in the NYPD are aware of and tolerate certain practices by subordinate employees, including those that are inconsistent with formal policy. These practices, because they are widespread, long-standing, and deeply embedded in the culture of the agency, constitute unwritten NYPD policies or customs.

26.     At all times mentioned herein, NYPD supervisory personnel had direct, first-line supervisory responsibilities over the defendant police officers, including responsibility for taking appropriate measures to ensure and protect the civil rights and personal safety of members of the public in general, and Plaintiff in particular.  These responsibilities were required to be carried out in a manner consistent with the laws and mandates that govern or control the City and NYPD, including City and NYPD directives and orders concerning: police chases, stop and frisk, reporting and investigation of abuses of authority by uniformed staff and supervisors, and the provision of and access to medical care, treatment and services.  Each of these supervisors is sued in his/her individual and official capacities.

27.     The defendant police officers harassed, intimidated, threatened and used excessive physical force on Plaintiff; falsely detained, arrested and imprisoned Plaintiff; made false criminal allegations against the plaintiff; maliciously prosecuted Plaintiff and conspired with the Kings County District Attorney's Office for that purpose; ignored, refused, denied, and/or delayed Plaintiff's requests for medical attention for the injuries alleged herein; knowingly drafted and/or filed, or conspired to file, false reports, incident reports, medical reports, summons(es), appearance tickets, and complaint and arrest reports against Plaintiff; and gave knowingly false statements or testimony in or for a criminal proceeding regarding Plaintiff.

## STATEMENT OF FACTS

29.     In the early evening hours of May 20, 2013, Plaintiff was lawfully at a friend's residence when her brother, Defendant Police Officer Ali Cheikhali, arrived. Officer Cheikhali knew Plaintiff personally and did not like him.

30.     Although Plaintiff had permission to be at Officer Cheikhali's sister's residence on that date, Plaintiff attempted to leave so as to avoid Officer Cheikhali altogether.

31.     Upon seeing Plaintiff, Officer Cheikhali immediately became verbally aggressive with Plaintiff and gave an unlawful police order that Plaintiff was not permitted to leave the premises, and then called for police backup.

32.     In requesting backup, Officer Cheikhali falsely stated to the dispatcher that Plaintiff had warrants and that he was trespassing on Officer Cheikhali's property.

33.     Plaintiff did not have warrants and Officer Cheikhali did not own or reside at the subject property.

34.     Officer Cheikhali knew that Plaintiff had not committed a crime and did not have warrants, but stated that Plaintiff did in order to (a) attempt to justify his unlawful detainer of

Plaintiff, (b) ensure that officers responded quickly, and (c) ensure that Plaintiff would be arrested and his probation violated.

35.     Officer Cheikhali then put his finger in Plaintiff's face and again told him in a threatening manner not to leave because other officers were on their way.

36.     Officer Cheikhali called Plaintiff a racially derogatory term intended to offend Plaintiff's ethnicity.

37.     Officer Cheikhali then reached for his waistband and pulled out and pointed what Plaintiff believes to be a weapon at Plaintiff, causing him to fear for his life and imminent peril.

38.     In fear for his life, Plaintiff ran from Officer Cheikhali.

39.     Officer Cheikhali initiated an unlawful police pursuit after Plaintiff.

28.     While running away from Officer Cheikhali, Plaintiff sustained physical injuries, including but not limited to two (2) fractured ankles, with the bones protruding from his skin – medical conditions of an objectively important nature.

29.     Had Officer Cheikhali not unlawfully chased after Plaintiff, the plaintiff would not have been fractured his ankles.

30.     Despite seeing Plaintiff's injuries and hearing Plaintiff's requests for medical attention, Officer Cheikhali refused to request an ambulance to the scene.

31.     Several of the defendant police officers then arrived at the scene and Plaintiff informed them that he was injured, his ankles were broken, and again requested medical attention.

32.     Said officers then began questioning Plaintiff about purported warrants and orders of protection based upon Officer Cheikhali's prior false representations regarding same. Not believing Plaintiff when he said he did not have any warrants or orders of protection, several of

the defendant police officers kicked Plaintiff's ankles and slapped him in the head because they did not receive the response they wanted, causing further unnecessary infliction of pain.

33.     The defendant police officers then roughly searched Plaintiff, grabbing and pulling at his legs and feet, and then twisted Plaintiff's ankles and flipped him over to handcuff him, all causing further unnecessary infliction of pain.

34.     Plaintiff was then falsely arrested by Defendant Police Officer Lauran Watson on charges of criminal trespass in the third degree.

35.     Defendant Sergeant Christopher Aitola supervised and approved the false arrest of Plaintiff.

36.     Plaintiff was removed from the scene by ambulance and transported to Kings County Hospital, where he remained under arrest and handcuffed to his hospital bed.

37.     Plaintiff's arrest was voided the following day, May 21, 2013.

38.     Plaintiff reported the aforesaid incident to the NYPD's Civilian Complaint Review Board ("CCRB") and Internal Affairs Bureau ("IAB").

39.     In retaliation for Plaintiff reporting the aforesaid incident to CCRB and IAB and/or in an effort to cover up or mitigate their unlawful conduct, Officer Cheikhali and/or other of the defendant police officers convinced Officer Cheikhali's sister to falsely allege that Plaintiff had assaulted her on May 20, 2013.

40.     The defendant police officers falsely re-arrested Plaintiff on or about May 22, 2013 on assault charges.

41.     On or about May 31, 2013, Plaintiff was arraigned from his bedside and denied bail.

42.     On or about June 3, 2013, Plaintiff was transferred to the custody of the New York City Department of Correction and relocated to the prison ward at Bellevue Medical Center, where he underwent multiple surgical procedures.

43.     On or about June 10, 2013, Plaintiff was released from Bellevue and transferred to Rikers Island.

44.     On or about November 29, 2013, all charges related to the May 22, 2013 arrest were dismissed in Plaintiff's favor and sealed.

45.     At no time during the foregoing incidents did any of the defendant police officers intervene, protect, or come to the aid or defense of Plaintiff.

46.     The aforesaid conduct, all undertaken while the defendant police officers were acting under the color of law, was without legal cause or justification.

47.     The defendants' aforesaid conduct constitutes gratuitous, unjustified and excessive punishment and abuse of authority.

48.     The defendants' aforesaid conduct was not founded upon reasonable suspicion, probable cause or any lawful interest.

49.     As a result of the aforesaid conduct, Plaintiff suffered physical injuries of a serious and important nature.  Despite having notice of same, both actual and constructive, the defendants delayed and/or failed to authorize, make arrangements for, or provide timely and adequate medical care or treatment to Plaintiff.

50.     Plaintiff's medical condition was of such gravity that it can be considered a serious medical condition.  Defendants, by ignoring his requests for treatment, acted with deliberate indifference.

51.     As a result of the defendants' deliberate indifference, Plaintiff experienced prolonged and significantly increased pain.

52.     Plaintiff's aforesaid injuries significantly affect his daily activities.

53.     The failure of all defendants to provide due and timely medical care and treatment to the plaintiff caused further and substantial harm to the plaintiff, including but not limited to increased and prolonged pain, and psychological and emotional injuries.

54.     The supervisory staff within the NYPD and the command structure of the NYPD knew and/or knows that the pattern of police harassment, intimidation, physical abuse, abuse of authority, cover-up, and denial of medical care, as described above, existed and still exists within the NYPD.  The NYPD's failure to take measures to curb this pattern of brutality constitutes acquiescence in the known unlawful behavior of its officers.  The prevalence of these practices and general knowledge of their existence, and the failure of these defendants to take remedial action despite the fact that the foregoing has been persistently brought to the NYPD's attention, constitutes deliberate indifference to the rights and safety of the public in general, and Plaintiff in particular.  The defendants' conduct has been a substantial factor in the continuation of such violence and a proximate cause of the civil rights violations alleged in this Complaint.

55.     The NYPD operates under a system-wide policy.  With some exceptions, the NYPD trains all of its officers at a single Training Academy according to a uniform curriculum; maintains a centralized Investigation Division to investigate allegations such as those contained herein under uniform procedures; and maintains a centralized unit to conduct administrative prosecutions (or to decline to prosecute, or to plea-bargain) in those few instances where the NYPD substantiates the allegation(s).

56.     The supervisory staff of the NYPD has consistently failed to investigate allegations such as those contained herein and to discipline officers who have violated NYPD guidelines.  The investigation of these incidents by central office and/or supervisory staff reflects a bias in favor of uniformed officers.  Furthermore, officers and staff who are known to have violated an individual's civil rights in one command are often transferred by NYPD to another command rather than be disciplined, demoted or fired by the NYPD.

57.     Upon information and belief, the pattern of misconduct alleged herein has been condoned by ranking commanders and supervisors of the NYPD, who have been or are aware of the number, frequency, and severity of these incidents and of the continuing risk of physical injury at the hands of uniformed officers. Supervisors receive and/or received a daily compilation of reports from NYPD commands documenting violent incidents, including an officer's use of force. These reports, which are circulated throughout the NYPD, contain brief summaries of the incident.  These summaries have documented, and continue to document, the routine application of intimidation, police stops, strip searches, false arrests and imprisonments, and false criminal charges being asserted by officers under circumstances that very often suggest that the officers' accounts are fabricated to cover up brutality and other misconduct.  These reports routinely document injustices the same or similar to the allegations contained herein, and consistently find no basis to question the officer's conduct, even when officer reports describe conduct which is proscribed by NYPD written policy or fail to account for the arrestee's injuries.

58.     With rare exception, officers whose misconduct is brought to the attention of supervisory personnel continue to work without any substantial disciplinary action being taken against them. Many of these officers are simply transferred to another precinct, where their misconduct continues. Although the NYPD has a computerized system capable of identifying

officers involved in multiple unlawful arrests and/or cover-ups, this information has not been utilized by NYPD commanders or supervisors to reduce the severity or incidence of these events. The fact that these abuses by officers remain unchecked and unrestrained leads the staff to believe that they may act with impunity.

59. Similarly, City and NYPD officials and supervisory staff have consistently failed to investigate CCRB and IAB complaints of police harassment and intimidation, unlawful police stops and chases, false arrests and detentions, police cover-ups, abuses of authority, officer disrespect, medical inattention, violations of NYPD guidelines, as well as other misconduct; and have failed to discipline the subjects of those grievances and complaints which were substantiated.

### FIRST CLAIM FOR RELIEF:
### 42 U.S.C. §1983
_____

60. Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "59", inclusive, of this Complaint, as if same were fully set forth herein at length.

61. As set forth above, the defendant police officers, acting under the color of law, retaliated against Plaintiff for exercising his First Amendment rights; harassed, intimidated, threatened, and used excessive physical force on Plaintiff; abused their authority to violate Plaintiff's civil rights; falsely detained, arrested and imprisoned Plaintiff; maliciously prosecuted Plaintiff; conspired to violate Plaintiff's civil rights; conspired to falsely detain, arrest, imprison and prosecute Plaintiff; conspired with the Kings County District Attorney's Office and Officer Cheikhali's sister to maliciously prosecute Plaintiff; ignored, refused, denied, and/or delayed Plaintiff's requests for medical attention; and knowingly drafted and/or filed, or conspired to file,

false records against Plaintiff in order to cover-up evidence of their unlawful activities, all without legal cause or justification and with purposeful intent to cause harm to Plaintiff.

62. As set forth above, City and/or NYPD supervisors and officers failed to notify City or federal authorities as to what they had seen and/or heard.

63. As set forth above, the City, NYPD and/or their supervisory personnel failed to take appropriate action to investigate and report the subject incident.

64. As set forth above, the subject incident, as well as the defendant police officers' ignoring, acquiescence, joining and/or complicity in same, constituted an unnecessary, unreasonable, and excessive use of force.

65. The defendants acted with deliberate indifference to the plaintiff's safety, security, health and immediate medical needs.

66. As a direct and proximate result of the defendants' deliberate indifference, the plaintiff's resulting physical, psychological and emotional injuries, pain and suffering were caused and/or significantly exacerbated.

67. As set forth above, the defendants have made every effort to conceal the truth about what actually occurred, including but not limited to covering up, or attempting to cover up, the illegal conduct of the defendant police officers.

68. The aforesaid acts and omissions violated the plaintiff's clearly established rights under the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution and were the direct and proximate cause of the physical, psychological, and emotional injuries he suffered.

69. The actions of the defendant police officers were malicious.

70.     As a result of the foregoing, Plaintiff was caused to be subjected to the deprivations of rights, privileges and/or immunities secured by the Constitution and statutes of the United States of America and has been damaged thereby.

71.     As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. §1988.

## SECOND CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY

72.     Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "71", inclusive, of this Complaint, as if same were fully set forth herein at length.

73.     The defendant police officers, collectively and individually, while acting under color of state and local law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the City of New York but which is forbidden by the Constitution of the United States.

74.     That prior to May 20, 2013, the City and NYPD developed and maintained customs, policies, usages, practices, procedures and rules exhibiting deliberate indifference to the constitutional rights of the public, which caused the violations of the plaintiff's rights.

75.     That the aforementioned customs, policies, usages, practices, procedures and rules of the City and NYPD included, but were not limited to: (a) ignoring the constitutional rights of the general public; (b) ignoring the constitutional rights of persons in their custody and control; (c) depriving persons in their custody and control their constitutional rights; (d) using force in an unreasonable, unnecessary, unjustified and excessive manner; (e) failing to adequately instruct and supervise the police officers under said defendants' control in the proper and appropriate

care and treatment of individuals and detainees in their custody and control; (f) inadequately and/or improperly investigating complaints of harassment, intimidation, misconduct, use of force and abuse by police officers, and inadequately punishing the subjects of those complaints which were substantiated; (g) tolerating acts of brutality; (h) racially profiling and tolerating racial profiling by police officers; (i) the Internal Affairs Bureau and Inspector General having substantially failed in their responsibilities to investigate misconduct and discipline offenders; (j) having polices that operate to insulate police officers who engage in criminal or other serious official misconduct from detection, prosecution, and punishment, and are maintained with deliberate indifference; and (k) allowing police officers and supervisors to engage in a pattern and practice of actively and passively covering up misconduct by fellow officers, thereby establishing and perpetuating a "code of silence", which has become so ingrained in the defendants so as to constitute a policy of the City and NYPD.

76.     The long-standing failure or refusal to supervise the police officers under said defendants' control, including supervisory staff, is now so institutionalized as to constitute a policy or custom of tolerating and authorizing the type of abuse alleged herein.  It is this policy or custom of abuse and cover-up that has caused the deprivation of the plaintiff's rights.

77.     Said defendants' policy or custom of tolerating and authorizing this type of abuse is further evidenced by frequent and significant findings of misconduct over a period of years by command personnel, supervisors, and the police officers they supervise.

78.     The failures and refusals by the City and NYPD to hold these supervisors and police officers accountable is a proximate cause of the injuries sustained by the plaintiff, and undoubtedly hundreds of other persons.

79.     Through promotions and other financial and status incentives, the City and NYPD have the power to reward police officers who perform their jobs adequately and to punish – or at the very least fail to reward – those who do not.  The City and NYPD's actions and omissions have created and maintained the perception among high-ranking supervisors that a supervisor who turns a blind eye towards evidence of officer harassment and intimidation, cover-up, medical neglect, or other misconduct, and fails to investigate these incidents, will suffer no damage to his or her career or financial penalty.

80.     The pattern of unchecked abuse by police officers and supervisory staff, the extent to which these unlawful practices have been adopted by significant numbers of the staff, and the persistent failure or refusal of the City and NYPD to supervise these persons properly and to take action to curb the misconduct, demonstrates a policy of deliberate indifference which tacitly authorizes the claimed misconduct against the plaintiff

81.     The foregoing customs, policies, usages, practices, procedures and rules of the City and NYPD constituted deliberate indifference to the safety, well-being and constitutional rights of the plaintiff.

82.     The foregoing customs, policies, usages, practices, procedures and rules of the City and NYPD were the direct and proximate cause of the constitutional violations suffered by the plaintiff as alleged herein.

83.     The foregoing customs, policies, usages, practices, procedures and rules of the City and NYPD were the moving force behind the constitutional violations suffered by the plaintiff as alleged herein.

84.     Prior to and at the time of the subject date of incident, there existed a pattern and practice of police harassment, intimidation, unlawful stops and frisks, excessive uses of physical

force, unlawful detainer, false arrests and imprisonments, cover-ups and conspiracies to cover-up unlawful conduct, refusals and/or failures to provide medical care or make medical care timely available, failures to conduct unbiased and thorough investigations of same and to discipline staff meaningfully and promptly for misconduct, and the long-standing failure or refusal to supervise police officers, including supervisory staff, are now so institutionalized as to constitute a policy or custom of tolerating and authorizing the wrongs alleged herein.  It is this policy or custom of abuse and cover-up that has caused the deprivation of Plaintiff's constitutional rights.

85.     The City and NYPD have failed or refused to hold accountable high-ranking supervisors (i.e., captains, lieutenants, assistant deputy commissioners, deputy commissioners, and commissioner) in the face of frequent and significant misconduct, over a period of years, by these supervisors and by the officers they supervise.  This failure has subjected Plaintiff and other members of the public to the constitutional and statutory violations alleged herein.  This failure is a proximate cause of the injuries sustained by the plaintiff and by other members of the public.

86.     As a result of the foregoing, Plaintiff is entitled to compensatory damages, together with attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. §1988.

### FOURTH CLAIM FOR RELIEF:
### FAILURE TO PROTECT AND NEGLECT

87.     Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "86" inclusive, of this Complaint, as if same were fully set forth herein at length.

88.     All defendants, their agents, servants and employees, owed a duty to care and protect Plaintiff while he was in their custody, control and care.

89.     As set forth above, all defendants failed to protect Plaintiff from known and dangerous harms.

90.     As set forth above, Defendants failed to intervene, mitigate and/or stop the events alleged herein.

91.     As set forth above, Defendants failed to provide timely and adequate medical care and treatment to Plaintiff.

92.     As set forth above, all defendants knew of and consciously disregarded an excessive risk to Plaintiff's health and safety.

93.     All defendants failed to report the unlawful conduct alleged herein to supervisors.

94.     The City and NYPD, their agents, servants and employees, failed to investigate, sanction and/or discipline any of the defendant police officers for their aforesaid unlawful conduct.

95.     Due to the defendants' failures to protect the plaintiff, he suffered severe and serious physical, psychological and emotional injuries.

96.     As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. §1988.

## **PENDANT STATE CLAIMS**

### CONDITIONS PRECEDENT

97.     By Order of the Hon. Johnny Lee Baynes, Justice of the Supreme Court, Kings County, dated October 24, 2014, Plaintiff was granted leave to serve a late Notice of Claim.

98.    Furthermore, pursuant to said Order, Plaintiff's Notice of Claim dated August 16, 2013, setting forth the time, place, substance of claim, and description of injuries sustained by the plaintiff herein, was deemed timely served.

99.    More than thirty (30) days have elapsed since Plaintiff's filing of his Notice of Claim and the City of New York has neglected and refused to make an adjustment thereof.

100.    The City of New York has not noticed a hearing pursuant to Section 50-h of the General Municipal Law.

101.    This action is commenced, including all applicable tolls, within the applicable statutes of limitations.

102.    This action falls within one or more of the exceptions set forth in CPLR §1602.

**FIRST CLAIM FOR RELIEF UNDER NEW YORK STATE LAW:**
**UNLAWFUL DETAINER, FALSE ARREST, FALSE IMPRISONMENT, AND**
**MALICIOUS PROSECUTION**

_____

103.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "102", inclusive, of this Complaint, as if same were fully set forth herein at length.

104.    As set forth above, Plaintiff was unlawfully stopped, questioned, detained, falsely arrested, falsely imprisoned and maliciously prosecuted by the defendants, their agents, servants and/or employees, including but not limited to the defendant police officers.

105.    As set forth above, the defendant police officers conspired with and amongst one another and others to falsely arrest, imprison and maliciously prosecute the plaintiff; to retaliate against Plaintiff for truthfully reporting the incident to CCRB and IAB; to cover-up their unlawful conduct; and to otherwise deprive the plaintiff of his constitutional, statutory and common law rights.

106. The aforesaid conduct was in clear violation of the common law, constitution and statutes of the State of New York, the NYS Human Rights Law, the NYS Civil Rights Law, the City Human Rights Law, and the Charter, rules and regulations of the City of New York.

107. As a result of the foregoing, Plaintiff suffered violations of his civil and due process rights, severe and serious physical, psychological and emotional injuries, as well as loss of liberty and pecuniary losses.

108. As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements.

## SECOND CLAIM FOR RELIEF UNDER NEW YORK STATE LAW: VIOLATION OF NEW YORK CONSTITUTION AND STATUTES

109. Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "108", inclusive, of this Complaint, as if same were fully set forth herein at length.

110. By reason of the allegations contained herein, Plaintiff was deprived by the defendants of his rights to free speech and peaceably assemble, to be free from retaliation for exercising his constitutional and statutory rights, to be free from unlawful search and seizure, to be free from gratuitous and excessive force and punishment, to be free from cruel and unusual punishment, and to due process of law, as guaranteed to him by the Constitution and statutes of the State of New York, the NYS Human Rights Law, the NYS Civil Rights Law, the City Human Rights Law, and the Charter, rules and regulations of the City of New York.

111. The defendants' conduct manifested deliberate indifference to plaintiff's constitutional rights, for which all defendants are liable.

112.    The aforesaid violations, and the failure of supervisory personnel and the City and NYPD to take appropriate steps to curb the widespread pattern of same or similar conduct by police officers, violated plaintiff's rights under the New York State Constitution, to due process of law, and to be free from degrading treatment and physical abuse.

113.    By their refusal to provide prompt medical attention to plaintiff after he was injured, the defendants violated Plaintiff's constitutional, statutory and common law rights.

114.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements.

**THIRD CLAIM FOR RELIEF UNDER NEW YORK STATE LAW:**
**NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION**

115.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "114", inclusive, of this Complaint, as if same were fully set forth herein at length.

116.    The City of New York was negligent, careless and reckless in the hiring, training, retention, supervision, direction, control, appointment and/or promotion of the their agents, servants and employees, including but not limited to the defendant police officers, in that said employees lacked the experience and ability to be employed by the City and/or NYPD; in failing to exercise due care and caution in their hiring, appointment and promotion practices, and in particular, hiring individuals who lacked the mental capacity and ability to function as employees of said defendants; in that the defendant-employees lacked the maturity, sensibility and intelligence to be employed by said defendants; in that said defendants knew of the lack of ability, experience and maturity of the defendant-employees when they hired them; in that said defendants, their agents, servants and/or employees, failed to suspend and/or terminate the

defendant-employee(s) when such action was either proper or required; and in being otherwise careless, negligent and reckless in the instance.

117.    The failure of the City and NYPD to adequately train their agents, servants and employees, including but not limited to the defendant police officers, in the exercise of their employment functions, and their failure to enforce the laws of the State of New York and the Charter, rules and regulations of the City of New York, is evidence of the reckless lack of cautious regard for the rights of the public in general and Plaintiff in particular, and exhibited a lack of that degree of due care which prudent and reasonable individuals would show.

118.    The City and NYPD knew or should have known in the exercise of reasonable care, the propensities of their agents, servants and employees, including but not limited to the defendant police officers, to engage in the wrongful conduct heretofore alleged in this Complaint.

119.    The City and NYPD knew or should have known that their policies, customs and practices, as well as their negligent hiring, retention, supervision, training, appointment and promotion of their agents, servants and employees, including but not limited to the defendant police officers, created an atmosphere where the most prominent offenders felt assured that their most brazen acts of abuse, misconduct and neglect would not be swiftly and effectively investigated and prosecuted.

120.    That the mistreatment and abuse of the plaintiff, as set forth above, was the reasonably foreseeable consequence of said defendants' negligent conduct.

121.    The aforesaid acts of the City and NYPD, their agents, servants and employees, resulted in the plaintiff being harassed, intimidated, threatened, assaulted, battered, falsely detained, and falsely imprisoned, and his civil rights being violated.

122.    The aforesaid acts of the City and NYPD, their agents, servants and employees, resulted in the plaintiff being denied and/or delayed reasonable, necessary and due medical care following the Incident.

123.    The aforesaid acts of the City and NYPD resulted in the plaintiff being caused to experience severe physical, psychological and emotional pain and suffering, and in other respects, was damaged.

124.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, attorney's fees, costs, expert's fees, and disbursements.

**FOURTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW:**
**NEGLECT AND FAILURE TO PROVIDE MEDICAL TREATMENT**

125.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "124", inclusive, of this Complaint, as if same were fully set forth herein at length.

126.    Defendants, their agents, servants and/or employees, were required to make available and/or provide medical care and treatment to the plaintiff while he was in their custody and control.

127.    The defendants knew or should have known the extent of the injuries Plaintiff sustained during the subject police encounter and intentionally and/or negligently delayed, denied and/or failed to make medical care and treatment available to Plaintiff.

128.    The defendants knew or should have known that their neglect, denial and/or delay of medical care and treatment to the plaintiff created an unreasonable risk of bodily injury.

129.    The defendants' neglect, denial and/or delay of medical care and treatment did cause and/or exacerbate Plaintiff's physical, psychological and emotional pain and suffering.

130.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements.

## FIFTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW: INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

131.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "130", inclusive, of this Complaint, as if same were fully set forth herein at length.

132.    The aforesaid acts of the defendants, their agents, servants and employees, acting individually and/or in conjunction with the other defendants, were intentional, malicious and excessive, and served no reasonable or legitimate penological interest.

133.    The defendants' intentional, reckless and/or negligent infliction of emotional and mental distress constituted misconduct of an egregious and outrageous nature that exceeds all bounds usually tolerated by society and unreasonably endangered Plaintiff's physical safety.

134.    As a result of the foregoing, Plaintiff suffered severe and serious physical, psychological and emotional injuries.

135.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements.

## SIXTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW: NEGLIGENCE

136.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "135", inclusive, of this Complaint, as if same were fully set forth herein at length.

137.   As set forth above, Defendants, their agents, servants and employees, were negligent and the proximate cause of injuries and damages suffered by the Plaintiff.

138.   As a result of the foregoing, Plaintiff suffered severe and serious physical, psychological and emotional injuries.

139.   Inasmuch as the defendant police officers were acting for, upon, and/or in furtherance of the business of their employer(s) and/or within the scope of their employment, the City is liable, jointly and severally, under the doctrine of *respondeat superior* for the tortious actions of same.

140.   As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements.

## SEVENTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW: FAILURE TO PROTECT

141.   Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "140" inclusive, of this Complaint, as if same were fully set forth herein at length.

142.   All defendants, their agents, servants and employees, owed a duty to care and protect Plaintiff while he was in their custody, control and care.

143.   As set forth above, all defendants failed to protect Plaintiff from known and dangerous harms, including themselves and each other.

144.   As set forth above, each of the defendant police officers failed to intervene, mitigate and/or stop the subject incident at any time during the happening of the incident.

145.   As set forth above, the defendants failed to make timely and adequate medical care and treatment to Plaintiff following the subject beating.

146.    As set forth above, all defendants knew of and consciously disregarded an excessive risk to Plaintiff's health and safety.

147.    All defendants failed to report the abusive conduct of the defendant police officers to supervisors or other authorities.

148.    The City, its agents, servants and employees, failed to investigate, sanction and/or discipline any of the defendant police officers for their aforesaid unlawful conduct.

149.    That due to said defendants' failures to protect the plaintiff, he suffered severe and serious physical, psychological and emotional injuries.

150.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements.

## EIGHTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW:
## PRIMA FACIE TORT

151.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "150" inclusive, of this Complaint, as if same were fully set forth herein at length.

152.    The aforesaid conduct of the defendants, their agents, servants and employees, as well as their delay and failures to act, caused harm to be inflicted upon the plaintiff out of disinterested malevolence and were the proximate cause of the injuries and damages suffered by the plaintiff.

153.    As a result of the foregoing, Plaintiff suffered severe and serious physical, psychological and emotional injuries.

154.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues in this matter.

## **RELIEF**

Plaintiff requests the following relief jointly and severally as against all of the defendants:

1.    An award of compensatory damages against all defendants in an amount to be determined at trial;

2.    An award of punitive damages against the non-municipal defendants in an amount to be determined at trial;

3.    An award of  attorney's fees, expert's fees, costs and disbursements; and

4.    Such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
          October 27, 2014

Respectfully submitted,

**HELD & HINES, LLP**

By: _____/s/_____
          Philip M. Hines, Esq. (PH5954)
          *Attorneys for Plaintiff*
          Office and P.O. Address
          2004 Ralph Avenue
          Brooklyn, New York 11234
          (718) 531-9700

## <u>ATTORNEY VERIFICATION</u>

PHILIP M. HINES, an attorney duly licensed to practice in the courts of the State of New York, hereby affirms the following under penalties of perjury:

That I am a member of the law firm of HELD & HINES, LLP, attorneys for the plaintiff in the within action, RICHARD LAZARINI, JR.; that I have read the foregoing Verified Complaint and know the contents thereof; and that the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters, I believe them to be true.  The reason this Verification is made by me and not by the plaintiff is that the plaintiff resides outside of the County in which your Affirmant's office is located.

The grounds of my belief as to all matters stated upon my own knowledge are as follows: the records, reports, contracts, and documents contained in the plaintiff's file.

/S/

_____

PHILIP M. HINES, ESQ.

Affirmed to this 27th
day of October, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RICHARD LAZARINI, JR.,

                                      Docket No.

                Plaintiff,

    - against -

CITY OF NEW YORK, POLICE OFFICER ALI
CHEIKHALI, Shield No. 2851, individually and in his
official capacity, POLICE OFFICER LAURAN WATSON,
Shield No. 17043, individually and in his/her official
capacity, SERGEANT CHRISTOPHER AITOLA, Shield
No.1342, individually and in his/her official capacity, and
POLICE OFFICERS JOHN DOE 1-5, fictitious names used
to identify presently unknown police officers of the 63rd
Precinct, individually and in their official capacities,

                Defendants.

-------------------------------------------------------------------X

## VERIFIED COMPLAINT

**HELD & HINES, LLP**
*Attorneys for Plaintiff*
**Office & Post Office Address**
**2004 Ralph Avenue**
**Brooklyn, New York 11234**
**(718) 531-9700**

**Signature (Rule 130-1.1-a)**

            **/s/**

_____

**PHILIP M. HINES, ESQ.**